# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:04-cr-00011-TH-JDL |
| | § | |
| | § | |
| STEPHEN YOUNG | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 17, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Stephen Young. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kelly Pace.

On October 7, 2004, Defendant was sentenced before U.S. District Judge Thad Heartfield after pleading guilty to the offense of Coercing and Enticing a Minor to Engage in Sexual Activity, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years and five years of supervised release. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of I, was 60 to 71 months. Defendant was sentenced to 60 months imprisonment and 5 years supervised release, subject to the standard conditions of release, including, in pertinent part, that Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted to do so by the probation officer. On January 7, 2014, Defendant completed the term of imprisonment and began his period of supervised release.

In its petition, the government alleges in pertinent part that Defendant violated the terms of supervised release when Defendant admitted to having contact with a person convicted of a

felony without permission by the probation officer on or about October 2014 through November 2014. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the terms of his supervised release, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may: 1) revoke probation or supervised release; or 2) extend the term of probation or supervised release and/or modify the conditions of supervision. Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 Months. U.S.S.G. § 7B1.4(a).

At the December 17, 2014 hearing, Defendant pled true to the allegation above. The government recommended that Defendant be committed to the Bureau of Prisons at FCI Texarkana for 6 months with 4 years of supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Stephen Young be committed to the custody of the Bureau of Prisons at FCI Texarkana for 6 months with 4 years of supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Thad Heartfield for adoption immediately upon issuance.

**So ORDERED and SIGNED this 9th day of January, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE